IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

BASAVARAJ HOOLI,                    :
                                    :
                Plaintiff,          :
                                    :
        v.                          : Civil Action No. 21-702-RGA
                                    :
LARRY MITCHAM, et al.,              :
                                    :
                Defendants.         :

Basavaraj Hooli, Macon, Georgia.   Pro Se Plaintiff.

Robert J. Cahall, Esquire, McCormick & Priore, P.C., Counsel for Defendant Todd Combs.

**MEMORANDUM OPINION**

January _31_ , 2022
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Plaintiff Basavaraj Hooli, who appears *pro se* and has been granted leave to proceed *in forma pauperis*, filed this action on May 17, 2021. (D.I. 2). I will review and screen the Complaint under 28 U.S.C. § 1915(e)(2)(B) and will also consider the pending motions. (D.I. 9, 12, 13, 15, 18).

## BACKGROUND

While not clear, it seems Plaintiff filed this action as an appeal of a "fraud arrest" and two days imprisonment in Pike County Jail, Georgia. (D.I. 2 at 1). On March 23, 2021, Plaintiff was stopped for speeding, he provided the officer with his driver's license, and was ticketed for driving with a suspended license. (*Id.*). On May 3, 2021, Plaintiff pled guilty to the charges. (*Id.*). The arresting officer did not appear in court and Plaintiff appears in this Court as it is "near to [Plaintiff] and GEICO." (*Id.*).

The Complaint refers to GEICO Insurance, a non-party, and seems to imply that Plaintiff was arrested because of a mistake made by GEICO when Plaintiff's insurance payment was made one day late, GEICO wanted Plaintiff's driver' license suspended by the state, and it canceled his coverage. (*Id.* at 2) At some point, GEICO wrote a new policy for Plaintiff. Plaintiff seeks ten million dollars from GEICO as compensation for his arrest and two days in jail. (*Id.*).

Attached to the Complaint is Plaintiff's Florida driver's license that provides an address for Plaintiff in Georgia. (D.I. 2-1 a 1). When he filed his Complaint, Plaintiff provided a Delaware address. (D.I. 1 at 5). Recent filings indicate that Plaintiff now resides in Georgia. (D.I. 19, 20).

2

Plaintiff has filed a request for counsel and motions to stop GEICO from selling insurance.   (D.I. 9, 13, 15, 18).   Defendant Todd Combs, president and CEO of GEICO, moves to dismiss for failure to state a claim, lack of personal jurisdiction, lack of subject matter jurisdiction, improper venue, and insufficient service of process.   (D.I. 12).

## LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief."   *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions).   The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff.   *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

A complaint is not automatically frivolous because it fails to state a claim.   *See Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020).   "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'"   *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions.   *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).   However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must

3

grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

Plaintiff proceeds *pro se* and, therefore, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'"  *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555).   In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility.  *See Johnson v. City of Shelby*, 574 U.S. 10 (2014).   A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted.  *See id.* at 11.

When reviewing the sufficiency of a complaint, a court should follow a three-step process:   (1) consider the elements necessary to state a claim; (2) identify allegations that are merely conclusions and therefore are not well-pleaded factual allegations; and (3) accept any well-pleaded factual allegations as true and determine whether they plausibly state a claim.  *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir.

4

2016); *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014).   Deciding

whether a claim is plausible will be a "context-specific task that requires the reviewing

court to draw on its judicial experience and common sense."   *Id.*

## DISCUSSION

The Complaint will be dismissed for two reasons.   First, as Combs points out,

venue is not proper in this District Court.   (*See* D.I. 12 at 12).   Second, the Complaint

is deficiently pled.

In all civil cases, 28 U.S.C. § 1391 determines proper venue.   Under 1391(b), a

civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are
> residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions
> giving rise to the claim occurred, or a substantial part of property that is
> the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as
> provided in this section, any judicial district in which any defendant is
> subject to the court's personal jurisdiction with respect to such action.

Venue is clearly improper in Delaware because the two Defendants do not reside

in Delaware.   As alleged, Larry Mitcham is the City Administrator of the City of

Zebulon, Georgia, and Todd Combs is located in Chevy Chase, Maryland.[1]   (D.I. 2 at

1).   In addition, venue is improper because a "substantial part of the events or

omissions giving rise" to Plaintiff's claims did not occur in Delaware.   Rather they

speak to a Florida insurance policy and Plaintiff's encounter with Georgia law

---

[1] Combs' motion to dismiss states that he is a resident and citizen of the State of
Nebraska.   (D.I. 12 at 3).

enforcement.   (D.I. 2).   The events or omissions giving rise to a claim must be "substantial" and events and omissions which only bear "some tangential connection with the dispute in litigation are not enough." *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994).   Were I inclined to transfer this case; venue would be proper in the District of Northern District of Georgia.   The case could be transferred there pursuant to § 1391(b)(2), and 28 U.S.C. § 1406(a).

Plaintiff's claim, however, fails to state a claim.   To the extent Plaintiff seeks to appeal a ticket to which he pled guilty in the State of Georgia, his remedy does not lie in federal court.   There are no procedures in this Court to appeal a Georgia guilty plea. Further, the Complaint makes no reference to either named defendant:   Larry Mitcham, administrator of the City of Zebulon, Georgia or Todd Combs, President and CEO of CEICO.   Rather, GEICO seems to be the intended target.   And, while unlikely, it may be possible that Plaintiff could cure his pleading defects upon amendment.

For these reasons, the action will be dismissed without prejudice to Plaintiff refiling his claims in an appropriate venue.

## CONCLUSION

For the above reasons, the Court will: (1) based on improper venue and for failure to state a claim upon which relief may be granted, dismiss the Complaint without prejudice to refile in an appropriate venue, and (2) dismiss as moot all pending motions (D.I. 9, 12, 13, 15, 18).

An appropriate order will be entered.